UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 08-61038-CIV  COOKE/BANDSTRA

DANIEL TURNER,

    *Plaintiff*,

v.

TICKET ANIMAL, LLC,

    *Defendant*.

_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss [DE 18]. A Response [DE 20] has been filed, but there is no Reply on record. Defendant has, however, filed a Notice of Supplemental Authority, attaching four cases claimed to support the motion to dismiss.

### BACKGROUND

Plaintiff's Complaint alleges violations of the Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681c(g) (hereinafter FACTA), an amendment to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. (hereinafter FCRA). Specifically, Plaintiff alleges that Defendant violated FACTA when it sent, and Plaintiff received, an e-mail order confirmation which included the expiration date of the credit card he used to make the purchase. Plaintiff seeks statutory and punitive damages. Defendant has moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), for failure to state a claim upon which relief can be granted and, lack of subject-matter jurisdiction, respectively.

### STANDARD OF REVIEW

"When considering a motion to dismiss, the Court must accept all of the plaintiff's

allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted." *Holtzman v. B/E Aerospace, Inc.,* 2008 WL 214715, *1 (S.D. Fla Jan. 24, 2008) (referring to a Motion to Dismiss filed under Rule 12(b)(6)) (citation omitted). This, however, does not give a plaintiff *carte blanche* to merely aver a formulaic recitation of the elements of a claim supported by conclusory labels. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts . . . ." standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974.

**ANALYSIS**

Plaintiff's Complaint must be dismissed for failure to state a claim. The pertinent section of FACTA, §1681c(g) provides:

> (g) Truncation of credit card and debit card numbers
>
> (1) In general
>
> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

> (2) Limitation
>
> This subsection shall apply only to receipts that are electronically printed, and shall not apply to transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card.
>
> (3) Effective date
>
> This subsection shall become effective--
>
> (A) 3 years after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is in use before January 1, 2005; and
>
> (B) 1 year after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is first put into use on or after January 1, 2005.

Further, FACTA, whether addressing willful or negligent violations, provides for statutory damages. Section 1681n(a) provides in pertinent part:

> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of--
>
>> (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000[.]

Similarly, §1681o(a) provides in pertinent part:

> Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of--
>> (1) any actual damages sustained by the consumer as a result of the failure[.]

But, crucial to this Case, the statute does not provide for a definition of "print" as used in §1681c(g). Several Courts in this jurisdiction, however, have addressed the question of whether

e-mail or automatically displayed internet receipts fall under the purview of §1681c(g). Most have found for defendants, concluding that the term "print," as used in §1681c(g), does not encompass an e-mail or internet confirmation or receipt, but only applies to tangible, paper receipts. *See Haslam v. Federated Dept. Stores, Inc.,* No. 07-61871 CIV, 2008 WL 5574762, *4 -5 (S.D. Fla., May 16, 2008) ("I find that the meaning of § 1681c(g) is clear and unambiguous and that the word 'print,' as it is used in § 1681c(g), does not encompass the situation alleged here-that 'Defendants' electronic transmission of the Receipt to Plaintiff marked Plaintiff's computer screen with printed characters.'"); *King v. MovieTickets.com, Inc.,* 555 F.Supp.2d 1339, 1341 (S.D. Fla.. 2008) (finding that where e-mail receipts formed the basis of the claim, "Defendant has not 'printed' receipts pursuant to § 1681c(g) or provided Plaintiff with any tangible, paper document so as to fall under the requirements of § 1681c(g)"); *Grabein v. Jupiterimages Corp.*, No. 07-22288-CIV, 2008 WL 2704451, *5 (S.D. Fla., July 7, 2008) ("After careful consideration of all the competing arguments, we similarly find that the word 'print' applies only to paper receipts provided to a customer at the point of sale. Consequently, internet receipts are not subject to the FACTA truncation requirements.") (Magistrate Judge Report and Recommendation, subsequently adopted by *Grabein v. Jupiterimages Corp.*, 07-22288-CIV-GRAHAM, 2008 WL 2906866 (S.D. Fla., Jul 28, 2008)); *Smith v. Zazzle.com, Inc.*, 589 F.Supp.2d 1345, 1348 (S.D. Fla. 2008) ("[T]he term 'print', as Congress intended to use it here, unambiguously means the imprinting of something on paper or another tangible surface . . . . Thus, a merchant's internet receipt that is automatically displayed on a computer screen is not subject to FACTA's truncation requirement."). *But see Grabein v. 1-800-Flowers.com, Inc.* No. 07-22235-CIV, 2008 WL 343179, *2 (S.D. Fla., January 29, 2008) ("[T]he Court finds that the ordinary meaning of the term 'print' encompasses the information

included when a seller electronically transmits a receipt.").

I am compelled to agree with the vast majority of in the Southern District of Florida. The question presented is whether the term "print," as used in §1681c(g), encompasses the e-mail order confirmation that Plaintiff received after he completed his purchase. Statutory interpretation begins with the words of the statute itself. *CBS Inc. v. PrimeTime 24 Joint Venture,* 245 F.3d 1217, 1222 (11th Cir. 2001). "When the words of a statute are unambiguous, then, this first canon [of statutory construction] is also the last: judicial inquiry is complete." *Merritt v. Dillard Paper Co.,* 120 F.3d 1181, 1186 (11th Cir. 1997) (citation omitted). More specifically, the Court should determine the meaning of "print" through its common usage and in light of the more specific terms of the statute. *See Consol. Bank, N.A. v. United States Dep't of the Treasury*, 118 F.3d 1461, 1464 (11th Cir.1997) ("In the absence of a statutory definition of a term, we look to the common usage of words for their meaning."); *Hughey v. United States*,. 495 U.S. 411, 419 (1990).

In §1681c(g), it is clear that the plain and unambiguous meaning of "print" can only be to imprint onto paper or some other tangible surface. The terms "point of the sale" and "any cash register or other machine or device" immediately evoke the image of a paper receipt. Moreover, the limitations listed in §1681c(g)(2) refer to two types of receipts which can only be based on paper or another tangible surface, *i.e.* receipts not electronically printed, but produced by "handwriting or by an imprint or copy of the card." Plaintiff's argument, based on an uncommon dictionary definition does not create any ambiguity. The e-mail receipt received by Plaintiff does not fall under the purview of FACTA, and therefore, Defendant is not liable to Plaintiff for including the expiration date of the credit card.

Having concluded that "print" does not encompass e-mail receipts such as the one at issue

here, there is no need to address the other bases for dismissal.  Moreover, having found that "print" has an unambiguous meaning as used in §1681c(g), I need not address Plaintiff's argument that the Federal Electronic Signatures in Global and National Commerce Act, 15 U.S.C. § 7001 and the Uniform Electronic Transactions Act, Fla. Stat. §668.50 support that the term "print" encompasses internet receipts.

**CONCLUSION**

For all of the above reasons, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss [DE 18] is **GRANTED**.  Any pending motions are **DENIED** *as moot.*  This Case is **DISMISSED** and the Clerk is directed to **CLOSE** this Case.

**DONE and ORDERED** in chambers, Miami, Florida, this 16th day of April 2009.

_____
MARCIA G. COOKE
United States District Judge


Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*